**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Summit Business Media Holding Company,<br><br>Debtor.<br><br>Employer Tax I.D. No. xx-xxx-5547 | Chapter 11<br><br>Case No. 11-10231 (____) |
| In re:<br><br>Summit Business Media Intermediate Holding Company, LLC,<br><br>Debtor.<br><br>Employer Tax I.D. No. xx-xxx-5392 | Chapter 11<br><br>Case No. 11-10232 (____) |
| In re:<br><br>The National Underwriter Company,<br><br>Debtor.<br><br>Employer Tax I.D. No. xx-xxx-8770 | Chapter 11<br><br>Case No. 11-10233 (____) |
| In re:<br><br>Research Holdings, Ltd.,<br><br>Debtor.<br><br>Employer Tax I.D. No. xx-xxx-5228 | Chapter 11<br><br>Case No. 11-10234 (____) |
| In re:<br><br>Futures Magazine, Inc.,<br><br>Debtor.<br><br>Employer Tax I.D. No. xx-xxx-1102 | Chapter 11<br><br>Case No. 11-10235 (____) |

| | |
|---|---|
| In re:<br><br>NUCO Business Information, LLC,<br><br>Debtor.<br><br>Employer Tax I.D. No. xx-xxx-7364 | Chapter 11<br><br>Case No. 11-10236 (____) |
| In re:<br><br>Agent Media Corporation,<br><br>Debtor.<br><br>Employer Tax I.D. No. xx-xxx-3991 | Chapter 11<br><br>Case No. 11-10237 (____) |
| In re:<br><br>Judy Diamond Associates, Inc.,<br><br>Debtor.<br><br>Employer Tax I.D. No. xx-xxx-0517 | Chapter 11<br><br>Case No. 11-10238 (____) |
| In re:<br><br>Mining INDABA, LLC,<br><br>Debtor.<br><br>Employer Tax I.D. No. xx-xxx-4592 | Chapter 11<br><br>Case No. 11-10239 (____) |

**DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 1015 AND LOCAL RULE 1015-1 FOR ORDER AUTHORIZING JOINT ADMINISTRATION**

Summit Business Media Holding Company ("Summit"), together with its above captioned affiliated debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, respectfully submit this motion (this "Motion") for entry of an order under section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules”), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the “Local Rules”), authorizing the Debtors to jointly administer their above captioned bankruptcy cases (these “Cases”) for procedural purposes only. In support of this Motion, the Debtors rely on and incorporate by reference the contemporaneously filed Declaration of Thomas M. Flynn in Support of Debtors' Chapter 11 Petitions and First Day Motions. In further support of this Motion, the Debtors respectfully state as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of these Cases and this Motion are proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015, and Local Rule 1015-1.

**Factual Background**

4. On January 25, 2011 (the “Petition Date”), the Debtors each filed voluntary petitions (the “Petitions”) for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the “Bankruptcy Code”) in an effort to preserve and maximize the value of their estates. No request has been made for the appointment of a trustee or examiner in these Cases, and the Debtors continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no Official Committee of Unsecured Creditors has been appointed in these Cases.

5. Summit is a Delaware corporation that wholly owns Summit Business Media Intermediate Holding Company, LLC, a Delaware limited liability company ("Summit Intermediate"). Summit Intermediate wholly owns The National Underwriter Company, an Ohio corporation ("National Underwriter"), which in turn wholly owns six (6) distinct subsidiary companies which comprise the remaining Debtors (collectively, the "Subsidiaries").

6. The Debtors collectively employ approximately 400 people (including open positions) across the United States and are a leading business to business media and information provider for the insurance, investment, and professional services markets. The Debtors' business is organized into four divisions: Media, Event, Reference, and Data.

7. The Debtors began operations in November 2006 following their acquisition of two of their present businesses. The Debtors made five additional acquisitions over the next two years to assume their present form. These acquisitions were financed by a combination of equity investment and debt provided by the First and Second Lenders and their predecessors as outlined below. From inception until the present, 85% of the Debtors' equity interests have been owned by affiliates of Wind Point Partners and the balance of 15% has been owned by members of the Debtors' management. The Debtors have never paid any dividends or made other comparable payments on account of their equity interests.

8. As of the Petition Date, the Debtors collectively had unpaid pre-petition debt and general unsecured claims in an aggregate amount of approximately $252 million. Of this total, Summit Intermediate had approximately $188,618,143 outstanding under its senior secured credit facilities ("First Lien Debt") pursuant to that certain Amended and Restated First Lien Credit Agreement, dated July 6, 2007, with Bank of Montreal as Agent (as amended or otherwise modified from time to time, the "First Lien Credit Agreement").

9. As of the Petition Date, Summit Intermediate had approximately $55,224,420 outstanding under its junior secured credit facilities ("Second Lien Debt") under that certain Amended and Restated Second Lien Credit Agreement, dated July 6, 2007, with Ares Capital Corporation as Agent (as amended or otherwise modified from time to time, the "Second Lien Credit Agreement"). The Debtors' obligations under the Second Lien Credit Agreement are subordinated to their obligations under the First Lien Credit Agreement.

10. As of the Petition Date, the Debtors had incurred other unsecured claims in an estimated aggregate amount of $8,150,000.

11. Given their highly leveraged capital structure and their constrained liquidity profile, the Debtors concluded that a full balance sheet restructuring was necessary. The Debtors carefully evaluated a number of options to address their financial issues. Those efforts included sharing information and engaging in discussions with a variety of the Debtors' stakeholders with the goal of restructuring the Debtors' balance sheet to bring it into line with the Debtors' current debt servicing capabilities and culminated in an agreement on the terms of a financial restructuring.

12. The terms of this restructuring have been documented in a Restructuring Support Agreement between the Debtors and (a) the holders of approximately 83% in amount and 65% in number of the claims outstanding under the First Lien Credit Agreement and (b) the holders of approximately 85% in amount and 78% in number of the claims outstanding under the Second Lien Credit Agreement (the "Restructuring Support Agreement"), which is being filed substantially contemporaneously herewith. The Restructuring Support Agreement provides that the parties have agreed to and will support the Debtors' proposed Joint Plan of Reorganization (the "Plan") which also will be filed substantially contemporaneously herewith. It further

provides for the specific terms of the Debtors' most important financial and organizational documents to be entered into upon consummation of the Plan, all as reflected in the agreements and other documents attached as exhibits to the Restructuring Support Agreement.

13. In further support of this Motion, the Debtors refer to the Declaration of Thomas M. Flynn in Support of Debtors' Chapter 11 Petitions and First Day Motions (the "Flynn Declaration") for a plenary discussion of the factual background of these Cases. Capitalized terms used but not defined herein have the meanings given to them in the Flynn Declaration.

## Relief Requested

14. By this Motion, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, consolidating these Cases for procedural purposes only.

15. Many of the motions, applications, hearings, and orders that will arise in these Cases will jointly affect all of the Debtors. For this reason, the Debtors respectfully submit that the interests of the Debtors, their creditors, and other parties in interest would be best served by the joint administration of these Cases. In order to optimally and economically administer these Cases, such cases should be jointly administered, for procedural purposes only, under the case number assigned to Summit.

16. The Debtors also request that the Clerk of the Court maintain one file and one docket for all of the Cases, which file and docket shall be the file and docket for Summit.

17. The Debtors further request that the caption of these Cases be modified as follows to reflect their joint administration:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Summit Business Media Holding Company, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 11-10231 (____)<br><br>Jointly Administered |

18. In addition, the Debtors seek this Court's direction that separate docket entries be made on the dockets of Summit, Summit Intermediate, National Underwriters, Research Holdings, Futures Magazine, NUCO, Agent Media, Diamond Associates, and INDABA substantially as follows:[1]

> An order has been entered in this case directing the consolidation and joint administration for procedural purposes only of the chapter 11 cases of Summit Business Media Holding Company (5547), Summit Business Media Intermediate Holding Company, LLC (5392), The National Underwriter Company (8770), Research Holdings, Ltd. (5228), Futures Magazine, Inc. (1102), NUCO Business Information, LLC (7364), Agent Media Corporation (3991), Judy Diamond Associates, Inc. (0517), and Mining INDABA, LLC (4592) and all subsequently filed chapter 11 cases of such debtors' affiliates. The docket in the chapter 11 case of Summit Business Media Holding Company, Case No. 11-10231 (__) should be consulted for all matters affecting this case.

**<u>Basis for Relief Requested</u>**

19. Under Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the Court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Local Rule 1015-1 similarly provides for joint administration of chapter 11 cases when the facts demonstrate that joint administration "is

---

1 The Debtors have filed only this Motion, and not any other motions, in all of their cases. The Debtors submit that all orders approving motions and applications filed prior to the approval of this Motion apply to all cases as if each were specifically approved in all such cases.

warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. L.R. 1015-1. In these cases, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. The Debtors (other than Summit) are all wholly owned subsidiaries of Summit, either directly or indirectly.

20. Additionally, the joint administration of the Debtors' respective estates will ease the administrative burden on this Court and all parties in interest in these Cases.

21. The joint administration of these Cases will also permit the Clerk of the Court to utilize a single docket for these Cases and to combine notices to creditors and other parties in interest. In addition, there will likely be numerous motions, applications, and other pleadings filed in these Cases that will affect all of the Debtors. Joint administration will permit counsel for all parties in interest to include these Cases in a single caption for the numerous documents that are likely to be filed and served in these Cases. Joint administration will also enable parties in interest in these Cases to stay apprised of all the various matters before this Court.

22. Joint administration of these Cases will not prejudice or adversely affect the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights. Joint administration will also significantly reduce the volume of paper that otherwise would be filed with the Clerk of this Court, render the completion of various administrative tasks less costly and minimize the number of unnecessary delays. Moreover, the relief requested by this Motion will also simplify supervision of the administrative aspects of these Cases by the Office of the United States Trustee.

23. The entry of joint administration orders in multiple related cases such as these is common in this District and elsewhere. *See*, *e.g.*, *In re New Century TRS Holdings, Inc.*, Case No. 07-40416 (Bankr. D. Del. Apr. 3, 2007) (Carey, J.) (order directing joint administration of

chapter 11 cases); *In re Premium Papers Holdco, LLC*, Case No. 06-10269 (Bankr. D. Del. Mar. 22, 2006) (Sontchi, J.) (same); *In re Meridian Automotive Systems, Inc.*, Case No. 05-11168 (Bankr. D. Del. Apr. 27, 2005) (Walrath, J.) (same); *In re American Business Financial Services, Inc.*, Case No. 05-10203 (Bankr. D. Del. Jan. 26, 2005) (Walrath, J.) (same); *In re Ultimate Electronics, Inc.*, Case No. 05-10104 (Bankr. D. Del. Jan. 12, 2005) (Walsh, J.) (same).

24. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates and creditors, and therefore should be granted.

## **Notice**

25. Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) the agents for the Debtors' pre-petition and proposed post-petition lenders and their counsel; and (iii) the Debtors' thirty (30) largest non-insider unsecured creditors on a consolidated basis. As this Motion is seeking first-day relief, notice hereof and of any order entered hereon will be served in accordance with Local Rule 9013-1(m)(iii) and (iv). In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

## **No Prior Request**

26. No prior request for relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter an order, in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as this Court may deem necessary and proper.

Dated: January 25, 2011
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ Kimberly E. C. Lawson
Kimberly E.C. Lawson (No. 3699)
Kathleen Murphy (No. 5215)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: klawson@reedsmith.com
kmurphy@reedsmith.com

- and -

J. Andrew Rahl, Jr., Esquire
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: arahl@reedsmith.com

Proposed Counsel for Summit Business Media Holding Company, *et al.*, Debtors and Debtors-in-Possession